UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOTUS INTERNATIONAL COMPANY,

Plaintiff,

v.

WF WHELAN CO., LLC,

Case No. 25-cv-12786
Honorable Linda V. Parker

Defendant/Third-Party Plaintiff,

v.

CRST CAPACITY SOLUTIONS, INC.,

Third-Party Defendant.
_______________________________________/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF NO. 24)**

This case arises from the loss of Plaintiff Lotus International Company's ("Lotus") 1,272 scooters, which were entrusted to Defendant WF Whelan Co., LLC ("Whelan") for transport between California and Michigan. (*See generally* ECF No. 1.) Whelan filed a Third-Party Complaint against CRST Capacity Solutions, Inc. ("CRST"), contending that CRST, and not Whelan, is responsible for the loss. (*See* ECF No. 13.) Pursuant to the relevant scheduling order, the deadline to amend pleadings was March 18, 2026. (*See* ECF No. 23.)

On March 18, Lotus filed a motion to amend the Complaint to add new parties potentially liable for the loss of the scooters. (ECF No. 24.) Specifically, Lotus seeks to add the following as Defendants: WFW Express, LLC ("WFW"), a sister company of Whelan and its agent; (b) CRST; (c) Gargar Transport, LLC, a trucking company hired to transport some of the scooters; (d) N&L Logistics, LLC, another trucking company hired to transport some of the scooters; and (e) VKA Express, Inc., yet another trucking company hired to transport some of the scooters. (*See id.*; *see also* ECF No. 24-1.) Only CRST responded to Lotus' motion. (ECF No. 25.) In the response, CRST indicates that it "leaves to the Court's discretion the decision of whether to allow the proposed First Amended Complaint[,]" but that it filed the response to challenge the timeliness of the request to add potentially liable parties. CRST maintains that, under Michigan Court Rule 2.112(K), Lotus had 91-days from Whelan's Notice of Fault of Nonparty to seek to add new parties, and that Lotus' request came a day late.

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is "freely" granted "when justice so requires." *See* Fed. R. Civ. P. 15(a). The United States Supreme Court has advised that a plaintiff should be allowed the opportunity to test a claim on the merits if the facts and circumstances underlying the claim suggest that it may be a proper subject of relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the Court further instructed that a motion to amend a

complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id*.

The Court finds no reason to deny Lotus' request to amend its Complaint. Putting aside the question of whether Michigan Court Rule 2.112 applies in this federal action, the rule does not make the deadline to amend following a notice of nonparty fault mandatory. *See* Mich. Ct. R. 2.112(K)(4). The rule expressly states that "[t]he court may permit later amendment . . .." *Id*. Lotus should be able to test whether CRST or another proposed added defendant is liable for the loss of the scooters.

Accordingly,

**IT IS ORDERED** that Lotus' motion to amend the Complaint (ECF No. 24) is **GRANTED**, and Lotus shall file the proposed First Amended Complaint **within seven (7) business days** from this Opinion and Order.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 9, 2026